PROB 12C
(Rev. 2011)

# United States District Court
for
## Middle District of Tennessee

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Marcus Decarlo Odom      Case Number: 3:03-00027-06

Name of Judicial Officer: The Honorable Aleta A. Trauger, U. S. District Judge

Date of Original Sentence: April 22, 2004

Original Offense: 18 U.S.C. §§ 1952 and 2 - Travel in Interstate Commerce with Intent to Commit Violence in Furtherance of a Drug Trafficking and Aiding and Abetting.

Original Sentence: 136 months' custody followed by 3 years' supervised release

Type of Supervision: Supervised Release      Date Supervision Commenced: March 28, 2014

Assistant U.S. Attorney: Brent Hannafan      Defense Attorney: Jeffrey S. Frensley

### PETITIONING THE COURT

■ To issue a Summons.
☐ To issue a Warrant

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
       (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

Considered this 15th day of Oct, 2014, and made a part of the records in the above case.

Honorable Aleta A. Trauger
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Lisa A. Capps
Sr. U.S. Probation Officer

Place   Columbia, TN

Date   October 14, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

**1.**          **The defendant shall not commit another federal, state or local crime:**

On October 3, 2014, Marcus Decarlo Odom was arrested by the Smyrna Police Department, Smyrna, Tennessee, for Unlawful Drug Paraphernalia Uses and Activities, a Class A misdemeanor, in violation of State of Tennessee Code Annotated 39-17-425; Simple Possession or Casual Exchange of Cocaine, a Class A misdemeanor, in violation of State of Tennessee Code Annotated 39-17-418; and Possession of a Schedule VI Controlled Substance For Resale - Marijuana, a Class E felony, in violation of State of Tennessee Code Annotated 39-17-417.

According to the affidavit, an officer with the Smyrna Police Department, Smyrna, Tennessee, observed a vehicle sitting at the Enon Springs Car Wash at 573 Nissan Drive. The officer made contact with Mr. Odom, who he advised appeared extremely nervous. The officer asked him to step out of the vehicle, and he was "patted down" for weapons. At that time, the officer began to smell the odor of marijuana. He asked Mr. Odom about the smell and was given consent to search the vehicle. The officer located a digital scale with marijuana residue in the vehicle. The officer then asked Mr Odom if he could search his person, and Mr. Odom consented. A large brown bag was found tucked in the front of Mr. Odom's shorts. Inside the bag was a clear bag containing a green, leafy substance that appeared to be marijuana. Located with the marijuana was a small clear bag containing a white, powdery substance that appeared to be cocaine. Mr. Odom admitted that the white, powdery substance was in fact cocaine. Mr. Odom appeared in Smyrna Municipal Court, Case Nos. S58584, S58585, and S85886 on October 3, 2014, and was released on bond. His next court date is scheduled for November 24, 2014.

**2.**          **The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer:**

Mr. Odom was arrested on October 3, 2014, and failed to notify this officer of his contact with law enforcement within 72 hours. On October 8, 2014, this officer contacted Mr. Odom concerning his arrest. He advised this officer that he had gone to see his daughter earlier in the evening, and his 16-year-old cousin was also in the home. Mr. Odom stated his cousin had marijuana with him. Mr. Odom advised that he took the marijuana from his cousin and his intention was to take it with him and throw it away, but he forgot. Mr. Odom reported he was sitting in the car wash parking lot looking for his bank card when the police approached him. He stated they found the marijuana, cocaine, and a digital scale which all belonged to his cousin. Mr. Odom was reminded that he is to report any contact with law enforcement within 72 hours to this officer.

**3.**         **The defendant shall participate in a drug testing program as directed by the probation officer:**

On July 24, 2014, Mr. Odom failed to report for a random urine screen. This officer texted him and directed him to report the following day. Mr. Odom reported the following day and submitted a urine screen which was negative.

**Compliance with Supervision Conditions and Prior Interventions:**

Marcus Odom began his three-year term of supervised release on March 28, 2014. His supervision is scheduled to terminate on March 27, 2017.

Mr. Odom was referred to Cumberland Mental Health, Lebanon, Tennessee, for an intake assessment to determine whether he should participate in substance abuse treatment. The assessment was completed on June 20, 2014, and no treatment was recommended at that time. Mr. Odom was placed on Phase 2 of the random drug testing program at the U.S. Probation Office in Nashville, Tennessee, and with the exception of his first urine test on April 2, 2014, all urine tests have been negative.

On April 9, 2014, a 12A petition was submitted notifying the Court of the offender's positive urine screen on April 2, 2014. Said petition was signed by Your Honor on April 10, 2014, ordering no action.

**Update of Offender Characteristics:**

Marcus Odom is a resident of Wilson County, Tennessee, and has been under the federal supervision of the U.S. Probation Office since March 28, 2014. He is employed at Interior Design Services (IDS) in Nashville, Tennessee. He graduated from barber school at Genesis Career College, Lebanon, Tennessee, in August 2014. He lives with his mother and daughter in Lebanon, Tennessee. The probation officer completes frequent unannounced home visits at the offender's residence.

**U.S. Probation Officer Recommendation:**

It is respectfully requested that a summons be issued for Marcus Odom to appear before the Court to answer to the violation behavior outlined above. The U. S. Attorney's Office has been advised of the offender's non-compliance.

Approved: _\[signature\]_
Vidette Putman
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. KEVIN THOMAS, CASE NO. 3:06-00065

**GRADE OF VIOLATION:** A
**CRIMINAL HISTORY:** IV

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | 3 years (Class C felony)<br>*18 U.S.C. § 3583(e)(3)* | 24 to 30 months<br>U.S.S.G.§7B1.4(a) | 24 months |
| **SUPERVISED RELEASE:** | 3 years less any term of imprisonment<br>*18 U.S.C. 3583(h)* | 1-3 years less any term of imprisonment<br>U.S.S.G.§5D1.2(a)(2) | none |

**Statutory Provisions:** Revocation is mandatory if the Court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection(d). 18 U.S.C. § 3583(g)(1). Revocation is also mandatory if the defendant refuses to comply with drug testing imposed as a condition of supervised release., 18 U.S.C. § 3583(g)(3). The Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583(d).

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

**Guideline Policy Statements: Guideline Policy Statements:** The guidelines set out in Chapter 7 of the United States Sentencing Guideline Manual are advisory. The violation listed above is a Grade A violation. Upon a finding of a Grade A violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1).

Respectfully Submitted,

Lisa A. Capps
Sr. U.S. Probation Officer

Approved: Vidette Putman
Supervisory U.S. Probation Officer